IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


JIMMY BALL                                                                     PLAINTIFF

                    v.                          Civil No. 13-2100

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                  DEFENDANT

MEMORANDUM OPINION

       Plaintiff, Jimmy Ball, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a

decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for

disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42

U.S.C. §§ 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial

evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.       **Procedural Background**

       Plaintiff applied for DIB on November  9, 2009. (Tr. 202.)  Plaintiff alleged an onset date of

November 29, 2006  due to back injury, pain, anxiety, high blood pressure, skin condition that causes

blistering, and neuropathy. (Tr. 245.) Plaintiff's date last insured is December 31, 2011. (Tr. 11.)

Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative

hearing, which was held on October 9, 2010 before Administrative Law Judge ("ALJ") Larry D. Sheperd.

(Tr. 31.)  Plaintiff was present to testify and was represented by counsel.  The ALJ also heard testimony

from Vocational Expert ("VE") Charles Dwight Turner. The ALJ issued an unfavorable decision on

January 27, 2011. (87-106.) The Appeals Council remanded the decision on September 24, 2011 because

the last twenty minutes of the hearing audio recording, which contained the majority of the VE testimony,

_____

       [1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner
Michael J. Astrue as the defendant in this suit.

was inaudible, rendering the record incomplete. Without a complete record, the AC was unable to determine if the decision was supported by substantial evidence. (Tr. 108.)

A second hearing was held on January 11, 2012 before ALJ Bill Jones. (Tr. 64-84.)  Plaintiff was present to testify and was represented by counsel.  The ALJ also heard testimony from Vocational Expert ("VE") Sarah Moore. (Tr. 65.)

At the time of the second administrative hearing, Plaintiff was 50  years old, and possessed a high school diploma. He had also completed a heavy equipment course at PetitJean Vo-Tech and HazMat courses for a Missouri fire department. (Tr. 39-40.) The Plaintiff had past relevant work experience ("PRW") of heavy equipment operator, apartment maintenance worker, and industrial maintenance worker. (Tr. 22.)

On March 1, 2102, the ALJ concluded that Plaintiff suffered from the following severe impairments: "back disorder, status post myocardial infarction with angioplasty and stenting, peripheral neuropathy, attention deficit disorder, and pain disorder associated with both psychological factors and general medical condition." (Tr. 11.)  The ALJ found that Plaintiff maintained the residual functional capacity to perform sedentary work " except the claimant can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; cannot climb ladders, ropes or scaffolds; and can frequently reach, handle, and finger bilaterally. Further, the claimant is limited to work involving simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes." (Tr. 15.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as machine tender, assembler, and escort vehicle driver. (Tr. 23.)

Plaintiff requested a review by the Appeals Council on March 8, 2012. (Tr. 4.)  The Appeals Council declined review on March 26, 2013. (Tr. 1)

**II.    Applicable Law**

2

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is

3

able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See* *McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.   Discussion**

Plaintiff raises three issues on appeal: 1) the ALJ erred at Step 2 by not finding Plaintiff's sacral fracture to be a severe impairment; 2) the ALJ erred in his credibility analysis; and 3) the ALJ erred in rejecting the opinion of treating physician Dr. Duddling. (Pl.'s Br. 12-18.) Because this Court finds that the ALJ failed to discuss or discredit the evidence concerning Plaintiff's sacral fracture at Step Two, the other issues will not be discussed.

An ALJ has no duty " to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.' " *Gregg v. Barnhart,* 354 F.3d 710, 713 (8th Cir.2003) (quoting *Pena v. Chater,* 76 F.3d 906, 909 (8th Cir.1996)).However, once a claim has been presented, the ALJ must consider the whole record. The ALJ is "not free to ignore medical evidence." *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (ALJ's opinion did not discuss or discredit all diagnoses or limitations listed in medical records.)

In this case, the Plaintiff alleged "back injury" in his application. (Tr. 245.) Plaintiff saw Dr. Samms of Cooper Clinic on December 3, 2006, after he fell from a ladder on November 29, 2006. Dr. Samms scheduled an MRI of the lumbar and sacral areas due to "lumbar and sacral pain secondary to trauma with sacral paresthesia." (Tr. 381.) The MRI was taken on December 5, 2006. The impression for this MRI was as follows:

> 1. Moderately severe recent compression fracture of T12 with about 60% anterior loss of height. There is retropulsion from the posterior-superior corner producing significant canal stenosis at the T12 level and probably compression of the conus medullaris.
> 2. Small  central disc herniation at L4-S.

3. Minimally angulated fracture at the 3rd sacral segment also noted. There is likely also some involvement of the left side of the 2nd sacral segment.

AO72A
(Rev. 8/82)

(Tr. 386.) On December 6, 2006, Cooper Clinic Neurosurgeon Dr. Queeney noted "Thoracic compression fracture" and "Sacral fracture" in his impression. (Tr. 366.) On August 29, 2009,  Plaintiff reported to Dr. Duddly that he "has more pain on his sacrum areas than he does from his fracture at T12." (Tr. 528.)

At the hearing in 2012, Plaintiff testified that he "I can't sit very long, I can't stand very long. I have to lay down all the time. " (Tr. 80.)

The ALJ did not mention the sacral fracture in Step Two or anywhere else in the opinion. He neither discussed nor discredited the sacral fracture, despite the fact that he spent considerable time discussing the T12 fracture. (Tr. 15-16.) Further, the Physical RFC also neglects to identify the sacral fracture. (Tr. 497.) Thus, a remand is necessary.

On remand, the ALJ is directed to order a consultative examination with an orthopedic specialist to fully evaluate Plaintiff's spinal fractures and other musculoskeletal complaints. This examination must include the completion of a Physical RFC by that examining specialist. The ALJ must then use this information to construct hypotheticals to address to the VE, in person or by interrogatory.

## IV.   Conclusion

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).


DATED this 23rd day of May 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

5